1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

9

10 | VBCONVERSIONS LLC

11 | Plaintiff(s),

12 | v.

13 | SALESFUSION INC, et al.

14

15 | Defendant(s).

16

17

CASE NO:
2:13−cv−05868−DMG−MAN

INITIAL STANDING ORDER

18      **PLEASE READ THIS ORDER CAREFULLY. IT GOVERNS THIS**

19 **CASE AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

20      COUNSEL FOR PLAINTIFFS SHALL SERVE THIS ORDER

21 IMMEDIATELY ON ALL PARTIES AND/OR THEIR COUNSEL, INCLUDING

22 ANY NEW PARTIES TO THE ACTION. IF THIS CASE WAS REMOVED

23 FROM STATE COURT, DEFENDANT WHO REMOVED THE CASE SHALL

24 SERVE THIS ORDER ON ALL OTHER PARTIES.

25      This case has been assigned to the calendar of Judge Dolly M. Gee.

26      Both the Court and counsel bear responsibility for the progress of this

27 litigation in federal court. To "secure the just, speedy, and inexpensive

28 determination" of this case, as called for in Fed. R. Civ. P. 1, all parties or their

counsel are ordered to become familiar with the Federal Rules of Civil Procedure, the Local Rules of the Central District of California, and this Court's standing orders.

### 1.   SERVICE OF THE COMPLAINT

Plaintiff shall promptly serve the complaint in accordance with Fed. R. Civ. P. 4 and file the proofs of service pursuant to Local Rule 5–3.1. Any defendant not timely served under Fed. R. Civ. P. 4(m) shall be dismissed from the action without prejudice.

### 2.   ASSIGNMENT TO A MAGISTRATE JUDGE

Under 28 U.S.C. § 636, the parties may consent to have a Magistrate Judge preside over all proceedings, including trial. The Magistrate Judges who accept those designations are identified on the Central District's website, which also contains the consent form.

### 3.   DISCOVERY

#### a.   Discovery Matters Referred to Magistrate Judge

All discovery matters have been referred to the assigned United States Magistrate Judge, who will hear all discovery disputes. The Magistrate Judge's initials follow the District Judge's initials next to the case number. All discovery–related documents must include the words "DISCOVERY MATTER" in the caption to ensure proper routing. Counsel are directed to contact the Magistrate Judge's courtroom deputy clerk to schedule matters for hearing. Please comply with Local Rule 37 and deliver mandatory chambers copies of discovery–related papers to the Magistrate Judge assigned to this case rather than to this Court.

In accordance with 28 U.S.C. § 636(b)(1)(A), the Court will not reverse any order of the Magistrate Judge unless it has been shown that the Magistrate Judge's order is clearly erroneous or contrary to law.

Any party may file and serve a motion for review and reconsideration before this Court. *See* Local Rule 72–2. The moving party must file and serve the motion

within fourteen (14) days of service of a written ruling or within fourteen (14) days of an oral ruling that the Magistrate Judge states will not be followed by a written ruling. The motion must specify which portions of the ruling are clearly erroneous or contrary to law and support the contention with points and authorities. Counsel shall deliver a conformed copy of the moving papers and responses to the Magistrate Judge's courtroom deputy clerk at the time of filing.

### b. Compliance with Fed. R. Civ. P. 26(a)

Unless there is a likelihood that upon motion by a party the Court would order that any or all discovery is premature, it is advisable for counsel to begin to conduct discovery actively before the Scheduling Conference. At the very least, the parties shall comply fully with the letter and spirit of Fed. R. Civ. P. 26(a) and thereby obtain and produce most of what would be produced in the early stage of discovery, because at the Scheduling Conference the Court will impose firm deadlines to complete discovery.

### 4. MOTIONS – GENERAL REQUIREMENTS

### a. Time for Filing and Hearing Motions

Motions shall be filed in accordance with Local Rule 7. This Court hears motions on Fridays, beginning at 9:30 a.m. If Friday is a national holiday, motions will be heard on the next Friday. It is not necessary to clear a hearing date with the court clerk before filing a motion, except for motions for summary judgment or preliminary injunction. If the motion date selected is not available, the Court will issue a minute order continuing the date.

### b. Pre–Filing Requirement To Meet and Confer

Counsel must comply with Local Rule 7–3, which requires counsel to engage in a pre–filing conference "to discuss thoroughly . . . the substance of the contemplated motion and any potential resolution." Counsel should discuss the issues to a sufficient degree that if a motion is still necessary, the briefing may be directed to those substantive issues requiring resolution by the Court. Counsel

1  should resolve minor procedural or other non–substantive matters during the

2  conference. The *pro se* status of one or more parties does not negate

3  this requirement.

4  **c.**      **Length and Format of Motion Papers**

5  Memoranda of points and authorities shall not exceed 25 pages. *See* Local

6  Rule 11–6. Only in rare instances and for good cause shown will the Court grant

7  an application to extend these page limitations. **No supplemental brief shall be**

8  **filed without prior leave of Court.**

9  If documentary evidence in support of or in opposition to a motion exceeds

10  50 pages, the evidence must be separately bound and tabbed and include an index.

11  If such evidence exceeds 200 pages, the documents shall be placed in a Slant D–

12  Ring binder, with an index and with each item of evidence separated by a tab

13  divider on the right side.

14  **d.**      **Citations to Case Law**

15  Citations to case law must identify not only the case cited, but the specific

16  page referenced.

17  **e.**      **Citations to Other Sources**

18  Statutory references should identify with specificity the sections and

19  subsections referenced. Citations to treatises, manuals, and other materials should

20  include the volume, section, and pages being referenced.

21  **f.**      **Oral Argument**

22  If the Court deems a matter appropriate for decision without oral argument,

23  the Court will notify the parties in advance.

24  **5.**      **SPECIFIC MOTION REQUIREMENTS**

25  **a.**      **Motions Pursuant to Rule 12**

26  Many motions to dismiss or to strike can be avoided if the parties confer in

27  good faith (as required by Local Rule 7–3), especially for perceived defects in a

28  complaint, answer, or counterclaim that could be corrected by amendment. *See*

*Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996) (where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment). Moreover, a party has the right to amend the complaint "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). A Rule 12(b)(6) motion is not a responsive pleading and therefore plaintiff might have a right to amend. See, e.g. *St. Michael's Convalescent Hospital v. California*, 643 F.2d 1369, 1374 (9th Cir. 1981); *Nolen v. Fitzharris*, 450 F.2d 958, 958–59 (9th Cir. 1971). Even after a complaint has been amended or a responsive pleading has been served, the Federal Rules provide that leave to amend should be "freely given when justice so requires." Fed. R. Civ. P. 15(a). The Ninth Circuit requires that this policy favoring amendment be applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

These principles require that plaintiff's counsel carefully evaluate defendant's contentions as to the deficiencies in the complaint. In most instances, the moving party should agree to any amendment that would cure the defect.

**b.     Motions to Amend**

In addition to the requirements of Local Rule 15–1, all motions to amend pleadings shall:   (1) state the effect of the amendment and (2) identify the page and line number(s) and wording of any proposed change or addition of material The proposed amended pleading shall be serially numbered to differentiate it from previously amended pleadings.

In addition to Local Rule 15–1's requirement of electronic filing of the proposed amended pleading as a document separate from the motion, counsel shall attach as an appendix to the moving papers a "redlined" version of the proposed amended pleading indicating all additions and deletions of material.

**c.     Motions for Class Certification**

Notwithstanding Local Rule 23–3, the deadline for the filing of a motion for

class certification will be set pursuant to the parties' stipulation, during the Scheduling Conference, and/or in a Scheduling Order. No request for relief from Local Rule 23–3 is necessary.

### d.      Summary Judgment Motions

Parties need not wait until the motion cutoff to bring motions for summary judgment or partial summary judgment. **Whenever possible, the party moving for summary judgment should provide more than the minimum 28–day notice for motions.** The parties should prepare papers in a fashion that will assist the Court in absorbing the mass of facts (e.g., generous use of tabs, tables of contents, headings, indices, etc.). The parties are to comply with Local Rule 56–1 through 56–2, taking into account the Court's additional requirements described below.

### i.      Statements of Uncontroverted Facts and Genuine Disputes

The separate Statement of Uncontroverted Facts required under Local Rule 56–1 shall be prepared in a two–column format. The left hand column sets forth the allegedly undisputed fact. The right hand column sets forth the evidence that supports the factual statement. The factual statements should be set forth in sequentially numbered paragraphs. Each paragraph should contain a narrowly focused statement of fact. Each numbered paragraph should address a single subject as concisely as possible. The "Conclusions of Law" portion of the Statement should be inserted after the Statement of Uncontroverted Facts.

The opposing party's Statement of Genuine Disputes of Material Fact must be in two columns and track the movant's separate statement exactly as prepared. The left hand column must restate the allegedly undisputed fact, and the right hand column must state either that it is undisputed or disputed. The opposing party may dispute all or only a portion of the statement, but if disputing only a portion, it must clearly indicate what part is being disputed, followed by the opposing party's

///

evidence controverting the fact. To demonstrate that a fact is disputed, the opposing party must briefly state why it disputes the moving party's asserted fact, cite to the relevant exhibit or other piece of evidence, and describe what it is in that exhibit or evidence that refutes the asserted fact. No legal argument should be set forth in this document.

The opposing party may submit additional material facts that bear on or relate to the issues raised by the movant, which shall follow the format described above for the moving party's separate statement. These additional facts shall continue in sequentially numbered paragraphs and shall set forth in the right hand column the evidence that supports that statement.

### ii.    Supporting Evidence

No party shall submit evidence other than the specific items of evidence or testimony necessary to support or controvert a proposed statement of undisputed fact. For example, entire deposition transcripts, entire sets of interrogatory responses, and documents that do not specifically support or controvert material in the separate statement shall not be submitted in opposition to a motion for summary judgment.

Evidence submitted in support of or in opposition to a motion should be submitted either by way of stipulation or as exhibits to declarations sufficient to authenticate the proffered evidence, and should not be attached to the memorandum of points and authorities. Documentary evidence as to which there is no stipulation regarding foundation must be accompanied by the testimony, either by declaration or properly authenticated deposition transcript, of a witness who can establish authenticity.

### iii.    Objections to Evidence

If a party disputes a fact based in whole or in part on an evidentiary objection, the ground of the objection should be succinctly stated in a separate statement of evidentiary objections in a two−column format. The left column

should identify the items objected to (including page and line number if applicable) and the right column should set forth a concise objection (e.g., hearsay, lacks foundation, etc.) with a citation to the Federal Rules of Evidence or, where applicable, a case citation.

### 6.   PROPOSED ORDERS

Each party filing or opposing a motion or seeking the determination of any matter shall serve and electronically lodge a proposed order setting forth the relief or action sought and a brief statement of the rationale for the decision with appropriate citations. In addition, a copy of the Proposed Order in Word or WordPerfect format shall be emailed to chambers at *dmg_chambers@cacd.uscourts.gov* on the day the document is e–filed.

### 7.   COURTESY COPIES

All original filings are to be filed electronically pursuant to Local Rule 5–4. Courtesy copies of ALL electronically filed documents MUST be delivered to the courtroom deputy clerk no later than 12:00 p.m. the following business day. Only documents pertaining to *ex parte* applications should be delivered directly to the courtesy copy box located next to the chambers (Room 218P, 312 N. Spring Street). Courtesy copies **DO NOT** need to be blue–backed. All courtesy copies of pretrial documents (e.g., witness lists, proposed pretrial conference orders, etc.) shall be two–hole punched at the top.

### 8.   TELEPHONIC HEARINGS

The Court may permit appearances or arguments by way of telephone conference calls upon a showing that a personal appearance will cause undue hardship. If you wish to appear by telephone, you must (a) notify the courtroom deputy clerk and opposing counsel at least three (3) days in advance of the scheduled appearance; (b) provide the court clerk with the telephone number (land lines only; no cell phones) at which the Court can reach you; and (c) be available at that number for at least one–half hour before the time of the scheduled hearing.

## 9.    EX PARTE APPLICATIONS

The Court considers *ex parte* applications on the papers and does not usually set these matters for hearing. If a hearing is necessary, the parties will be notified. *Ex parte* applications are solely for extraordinary relief and should be used with discretion. Sanctions may be imposed for misuse of *ex parte* applications. *See Mission Power Engineering Co. v. Continental Casualty Co.,* 883 F. Supp. 488 (C.D. Cal. 1995).

Counsel's attention is directed to the Local Rules. *Ex parte* applications that fail to conform to Local Rule 7−19 and 7−19.1, **including a statement of opposing counsel's position**, will not be considered except on a specific showing of good cause. The moving party shall electronically serve the opposing party, if possible. A party is considered served once the *ex parte* application has been e− filed (all parties set up for electronic service are sent a notification of ECF filing each time a document is e−filed with a link to the document for one free view). Parties set up for service by fax or mail must be served the *ex parte* application by fax or personal service.

Following service of the *ex parte* papers by electronic service, fax, or personal service, the moving party shall notify the opposition that opposing papers must be filed no later than twenty−four (24) hours (or one court day) following service, except in cases where the opposing party has not previously appeared (i.e., responded to the Complaint). In those cases where the opposing party has not previously appeared, the moving party shall, following service of the *ex parte* papers, notify the opposition that opposing papers must be filed no later than forty−eight (48) hours following service. **On the day the documents are e−filed**, a conformed courtesy copy of moving, opposition, or notice of non−opposition papers are to be hand−delivered to the courtesy box outside the entrance to Judge Gee's chambers at Room 218P, 312 North Spring Street. Counsel will be notified by the clerk of the Court's ruling. If counsel does not intend to oppose an *ex parte*

Case 2:13-cv-05868-DMG-MAN   Document 6   Filed 08/13/13   Page 10 of 10   Page ID #:14

1  application, he or she must inform the courtroom deputy clerk at (213) 894–5452.

2  **10.   CONTINUANCES**

3  This Court has a strong interest in keeping scheduled dates certain.

4  Changes in dates are disfavored. Trial dates set by the Court are firm and will

5  rarely be changed. Therefore, a stipulation to continue or extend the date of any

6  matter before this Court **must** be supported by a sufficient factual basis that

7  demonstrates good cause why the change in the date is essential. Without such

8  compelling factual support, stipulations continuing dates set by this Court will not

9  be approved. Counsel requesting a continuance or extension of time must

10  electronically file a stipulation and lodge a proposed order including a **detailed**

11  declaration of the grounds for the requested continuance or extension of time.

12  Failure to comply with the Local Rules and this Order will result in rejection of

13  the request without further notice to the parties. Proposed stipulations extending

14  scheduling dates do not become effective unless and until this Court so orders.

15  Counsel wishing to know whether a stipulation has been signed shall comply with

16  the applicable Local Rule. **Counsel should avoid submitting requests for**

17  **continuance or extension of time less than at least five (5) court days prior to**

18  **the expiration of the scheduled date.**

19  **11.   ORDER SETTING SCHEDULING CONFERENCE**

20  Pursuant to Fed. R. Civ. P.16(b), the Court will issue an Order setting a

21  Scheduling Conference as required by Fed. R. Civ. P. 26 and the Local Rules of

22  this Court. Strict compliance with Fed. R. Civ. P. 16 and 26 is required.

23  **IT IS SO ORDERED.**

24  DATED: August 13, 2013

25  _____

26  Dolly M. Gee
    United States District Judge

27

28  *revised April 18, 2013*

–10–